1  LAFAYETTE & KUMAGAI LLP
2  GARY T. LAFAYETTE (State Bar No. 088666)
   SUSAN T. KUMAGAI (State Bar No. 127667)
3  REBECCA K. KIMURA (State Bar No. 220420)
   100 Spear Street, Suite 600
4  San Francisco, California 94105
   Telephone:    (415) 357-4600
5  Facsimile:    (415) 357-4605

6  Attorneys for Defendant
   AT&T UMBRELLA BENEFIT PLAN NO. 1

7

8

                    UNITED STATES DISTRICT COURT
9
              FOR THE NORTHERN DISTRICT OF CALIFORNIA
10

11

12  L. DORETTA KERL,                          Case No. C08-00970 EMC

13              Plaintiff,                     **ANSWER OF DEFENDANT AT&T**
                                               **UMBRELLA BENEFIT PLAN NO. 1**
14      vs.                                    **TO PLAINTIFF'S COMPLAINT**
                                               **(ERISA)**
15  AT&T UMBRELLA BENEFIT PLAN NO. 1,
                                               Complaint Filed: February 15, 2008
16              Defendants.

17

18      Defendant AT&T UMBRELLA BENEFIT PLAN NO. 1 ("defendant" or "the Plan")

19  hereby answers plaintiff L. Doretta Kerl's ("plaintiff") Complaint ("Complaint") as follows:

                                 **JURISDICTION**
20
        1.    Answering paragraph 1 of the Complaint, defendant is without sufficient
21
    knowledge to form a belief as to the truth of plaintiff's characterization of this action. Defendant
22
    admits the Court has jurisdiction over plaintiff's claims under the Employment Retirement
23
    Income Security Act ("ERISA"), 29 U.S.C. §1132(a)(1)(B). Except as so admitted, defendant
24
    denies each and every other allegation.
25
                                     **VENUE**
26
        2.    Answering paragraph 2 of the Complaint, defendant is without knowledge
27
    sufficient to form a belief as to the truth of plaintiff's characterization of this action of the
28

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
100 SPEAR STREET, SUITE 600
SAN FRANCISCO, CALIFORNIA 94105
(415) 357-4600
FAX (415) 357-4605

1  allegations relying on the vague and ambiguous terms "events or omissions" and "administered."

2  Defendant admits that venue in this District is proper and the Plan is governed by ERISA.

3  Except as so admitted, defendant denies each and every other allegation.

### INTRADISTRICT ASSIGNMENT

5    3.    Answering paragraph 3 of the Complaint, defendant is without knowledge

6  sufficient to form a belief as to the truth of the allegations relying on the vague and ambiguous

7  terms "some of the plan administration" and "breaches" and plaintiff's argumentative and

8  conclusory statements. Defendant admits the action is properly assigned to this Court. Except as

9  so admitted, defendant denies each and every other allegation and specifically denies it breached

10  any obligation owed to plaintiff.

### PARTIES

12    4.    Answering paragraph 4 of the Complaint, Defendant admits that the Pacific

13  Telesis Group Comprehensive Disability Benefit Plan ("CDBP") is a component of the Plan and

14  that plaintiff was a participant in the CDBP.

15    5.    Answering paragraph 5 of the Complaint, defendant admits that at all relevant

16  times the Plan was an employee welfare benefit plan within the meaning of ERISA, that the Plan

17  administrator of the CDBP is AT&T Inc., that the CDBP provided, among other benefits, short

18  term disability benefits to participating employees, including plaintiff while she was an employee

19  of Pacific Bell Telephone Company ("Pacific Bell") and that plaintiff worked in Pacific Bell's

20  San Ramon office. Except as so admitted, defendant denies each and every other allegation.

### FACTS

22    6.    Answering paragraph 6 of the Complaint, defendant admits that plaintiff was

23  employed by Pacific Bell Telephone Company on or about January 14, 1982 to May 5, 2007, and

24  that she worked in Contra Costa County, California. Except as so admitted, defendant denies

25  each and every other allegation.

26    7.    Answering paragraph 7 of the Complaint, defendant is without sufficient

27  knowledge to form a belief as to the truth of plaintiff's argumentative and/or conclusory

28  statements. Defendant admits that plaintiff was employed by Pacific Bell as a Service

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
100 SPEAR STREET, SUITE 600
SAN FRANCISCO, CALIFORNIA 94105
(415) 357-4600
FAX (415) 357-4605

2

1   Representative during the relevant time period to this action and that her job duties included,

2   among other things, assisting customers with their accounts and orders.  Except as so admitted,

3   defendant denies each and every allegation.

4          8.       Answering paragraph 8 of the Complaint, defendant is without knowledge

5   sufficient to form a belief as to the truth of the allegations relying on the vague and ambiguous

6   terms "began medical treatment" and "increasing levels of pain" and/or argumentative and/or

7   conclusory statements.  Defendant admits that plaintiff visited a health care provider in October

8   2005, for degenerative arthritis of the left hip and right knee.  Except as so admitted, defendant

9   denies each and every other allegation.

10         9.       Answering paragraph 9 of the complaint defendant is without knowledge

11  sufficient to form a belief as to the truth of the allegations relying on the vague and ambiguous

12  terms "symptoms," "progressing" and "disabling" and/or argumentative and/or conclusory

13  statements.  Defendant admits that in August 2006, plaintiff's physician indicated that plaintiff

14  had problems walking due to pain, advised not working for four weeks and recommended weight

15  loss.  Except as so admitted, defendant denies each and every other allegation.

16         10.      Answering paragraph 10 of the Complaint, defendant is without knowledge

17  sufficient to form a belief as to the truth of the allegations relying on the vague and ambiguous

18  terms "leaving work" and "applied for."  Defendant admits plaintiff's claim for STD benefits was

19  acknowledged by letter dated September 1, 2006.

20         11.      Answering paragraph 11 of the Complaint, defendant lacks knowledge sufficient

21  to form a belief as to the truth of plaintiff's argumentative, conclusory, incomplete and/or hearsay

22  statements.  Defendant admits that by letter dated October 2, 2006, Patricia Walker, Disability

23  Specialist with the AT&T Integrated Disability Service Center ("IDSC") informed plaintiff that

24  her request for short term disability benefits was denied based on a review of medical

25  information provided by her physician and IDSC's physician's agreement that, among other

26  things, "[s]ubjective pain without significant positive objective findings does not justify time off

27  from work."  Except as so admitted, defendant denies each and every other allegation.

28

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
100 SPEAR STREET, SUITE 600
SAN FRANCISCO, CALIFORNIA 94105
(415) 357-4600
FAX (415) 357-4605

3

1    12.    Answering paragraph 12 of the Complaint defendant denies the truth of the
2    material allegations contained therein.

3    13.    Answering paragraph 13 of the Complaint, defendant admits the material
4    allegations contained therein.

5    14.    Answering paragraph 14 of the Complaint, defendant admits plaintiff stated she
6    was filing an appeal of the denial of STD benefits because of her "current health issues" and
7    discussed these issues in her appeal.

8    15.    Answering paragraph 15 of the Complaint, defendant lacks knowledge sufficient
9    to form a belief as to the truth of plaintiff's argumentative, conclusory, incomplete and/or hearsay
10   statements.  Defendant admits that plaintiff and her medical providers submitted material in
11   support of plaintiff's appeal, including, but not limited to, material relating to "destructive
12   process involving the superior and medial aspect of the femoral head with increased signal in the
13   otherwise intact medial and inferior portion of femoral head," "mild to moderate osteoarthritic
14   changes" and "deformed appearance to the left hip . . . "

15   16.    Answering paragraph 16 of the Complaint, defendant lacks knowledge sufficient
16   to form a belief as to the truth of plaintiff's argumentative, conclusory and/or hearsay statements
17   and plaintiff's statements relying on the vague and ambiguous term "possible home."

18   17.    Answering paragraph 17 of the Complaint, defendant is without sufficient
19   knowledge to form a belief as to the truth of plaintiff's argumentative, conclusory, incomplete
20   and/or hearsay statements and allegations relying on vague and ambiguous terms "conclusions,"
21   "further explanation," "extensive" and "rejected."  Defendant admits that by letter dated
22   December 29, 2006, signed by Joan Winston, Appeals Supervisor, AT&T Integrated Disability
23   Service Center Quality Review Unit ("QRU") for Joyce Krouskoupf, Appeals Specialist, plaintiff
24   was informed that the decision to deny plaintiff's claim for short term disability benefits was
25   upheld by the QRU based on review by the QRU and independent physician advisers of all
26   medical information and resulting indications including, but not limited to, the lack of observable
27   medical findings and the lack of documentation that plaintiff's condition was so severe as to
28   prevent her from performing her job duties as a Service Representative with or without

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
100 SPEAR STREET, SUITE 600
SAN FRANCISCO, CALIFORNIA 94105
(415) 357-4600
FAX (415) 357-4605

4

1  reasonable accommodations from September 1, 2006 to her return to work date. Except as so

2  admitted, defendant denies each and every other allegation.

3      18.    Answering paragraph 18 of the Complaint, defendant is without sufficient

4  knowledge to form a belief as to the truth of plaintiff's argumentative, conclusory, incomplete

5  and/or hearsay statements. Defendant admits that in a December 19, 2006 letter, Dr. Michael

6  Chemell stated, among other things, that plaintiff had minimal documented degenerative changes

7  which would not be expected to cause a functional impairment, that she is documented as having

8  end stage arthritis of the left hip and both knees on a consistent basis dating back from at least 13

9  months and that the diagnoses would be expected to have no impact on her ability to carry out the

10  duties of her job as a service representative. Except as so admitted, defendant denies each and

11  every other allegation.

12      19.    Answering paragraph 19 of the Complaint, defendant is without knowledge

13  sufficient to form a belief as to the truth of the allegations relating to discipline to which plaintiff

14  was subjected and/or discussions during attendance meetings. Further, defendant is without

15  knowledge sufficient to form a belief as to the truth of plaintiff's argumentative, conclusory

16  and/or hearsay statements and/or allegations relying on vague and ambiguous terms "prior to her

17  disability," "that time," "attendance problems" and "doctors' recommendations." Defendant

18  admits that plaintiff's hourly pay rate was approximately $26.65 in 2007, that on or about

19  November 16, 2006, plaintiff provided information that she was "currently working on surgery to

20  improve [her] help" so that she can return to work and that plaintiff voluntarily retired on May 4,

21  2007. Except as so admitted, defendant denies each and every other allegation.

22      20.    Answering paragraph 20 of the Complaint, defendant is without sufficient

23  knowledge to form a belief as to the truth of plaintiff's argumentative, conclusory, incomplete

24  and/or hearsay statements. Defendant admits that because of the denial of STD benefits, plaintiff

25  was placed on unpaid Company Initiated Leave of Absence, incurring 30 days credited service

26  and resulting in a change in plaintiff's net credited service.

27      21.    Answering paragraph 21 of the Complaint, defendant denies each and every

28  allegation therein.

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
100 SPEAR STREET, SUITE 600
SAN FRANCISCO, CALIFORNIA 94105
(415) 357-4600
FAX (415) 357-4605

5

ANSWER OF DEFENDANT AT&T UMBRELLA BENEFIT PLAN NO. 1 TO PLAINTIFF'S
COMPLAINT (ERISA) Case No. C 08-00970 EMC

**FIRST CLAIM FOR RELIEF**

22.    Answering paragraph 22 of the Complaint, defendant incorporates by reference its responses to paragraphs 1 through 21, herein, as if fully set forth herein.

23.    Answering paragraph 23 of the Complaint, defendant is without sufficient knowledge to form a belief as to the truth of plaintiff's characterization of this action.

24.    Answering paragraph 24 of the Complaint, defendant admits that as a Plan participant, plaintiff was eligible for STD benefits under the Plan if she so qualified.  Defendant denies each and every other allegation.

**FIRST AFFIRMATIVE DEFENSE**

25.    As a first separate and affirmative defense, defendant asserts that plaintiff fails to state a claim upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

26.    As a second separate and affirmative defense, defendant asserts that the Complaint, and/or each claim for relief contained therein, is barred in that plaintiff failed to exhaust the administrative and/or judicial remedies available under the CDBP.

**THIRD AFFIRMATIVE DEFENSE**

27.    As a third separate and affirmative defense, defendant asserts that plaintiff is barred and precluded from relief, because plaintiff failed to properly mitigate the alleged damages, if any.

**FOURTH AFFIRMATIVE DEFENSE**

28.    As a fourth separate and affirmative defense, defendant asserts that all actions it took would have been taken in any event based on after-acquired evidence, and that the Complaint is either entirely barred or the alleged damages should be reduced accordingly.

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
100 SPEAR STREET, SUITE 600
SAN FRANCISCO, CALIFORNIA 94105
(415) 357-4600
FAX (415) 357-4605

1

## FIFTH AFFIRMATIVE DEFENSE

2    29.    As a fifth separate and affirmative defense, defendant asserts that the Complaint,

3  and/or each claim for relief contained therein, is barred in that plaintiff is not eligible for benefits

4  under the terms and conditions of the CDBP.

5

## SIXTH AFFIRMATIVE DEFENSE

6    30.    As a sixth separate and affirmative defense, defendant asserts that any purported

7  claim by plaintiff for benefits under the Plan is barred because all benefits under the terms of the

8  CDBP have been provided and all payments due under the terms of the CDBP have been paid.

9

## SEVENTH AFFIRMATIVE DEFENSE

10    31.    As a seventh separate and affirmative defense, defendant asserts that the

11  Complaint, and/or each claim for relief contained therein, is barred in whole or in part by any and

12  all applicable statutes of limitations.

13

## EIGHTH AFFIRMATIVE DEFENSE

14    32.    As an eighth separate and affirmative defense, defendant asserts that the

15  Complaint, and/or each claim for relief contained therein, is barred by plaintiff's failure to

16  comply with internal deadlines set forth in the CDBP.

17

## NINTH AFFIRMATIVE DEFENSE

18    33.    As a ninth separate and affirmative defense, defendant asserts that the Complaint,

19  and/or each claim for relief contained therein, is barred in whole or in part by the doctrine of

20  laches.

21

## TENTH AFFIRMATIVE DEFENSE

22    34.    As a tenth separate and affirmative defense, defendant asserts that the Complaint,

23  and/or each claim for relief contained therein, is barred in whole or in part by the doctrine of

24  estoppel.

25

## ELEVENTH AFFIRMATIVE DEFENSE

26    35.    As an eleventh separate and affirmative defense, defendant asserts that the

27  Complaint, and/or each claim for relief contained therein, is barred in whole or in part by the

28  doctrine of waiver.

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
100 SPEAR STREET, SUITE 600
SAN FRANCISCO, CALIFORNIA 94105
(415) 357-4600
FAX (415) 357-4605

7

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
100 SPEAR STREET, SUITE 600
SAN FRANCISCO, CALIFORNIA 94105
(415) 357-4600
FAX (415) 357-4605

### TWELFTH AFFIRMATIVE DEFENSE

36.    As a twelfth separate and affirmative defense, defendant asserts that the Complaint, and/or each claim for relief contained therein, is barred in whole or in part by the doctrine of unclean hands.

### THIRTEENTH AFFIRMATIVE DEFENSE

37.    As a thirteenth separate and affirmative defense, defendant asserts that any injury to plaintiff was caused wholly or in part by plaintiff's conduct.

### FOURTEENTH AFFIRMATIVE DEFENSE

38.    As a fourteenth separate and affirmative defense, defendant asserts that no conduct by or attributable to defendant was the cause in fact or proximate cause of any injury allegedly suffered by plaintiff.

### FIFTEENTH AFFIRMATIVE DEFENSE

39.    As a fifteenth separate and affirmative defense, defendant asserts that plaintiff is barred from asserting the claims alleged to the extent the claims relied upon for relief are moot.

### SIXTEENTH AFFIRMATIVE DEFENSE

40.    As a sixteenth separate and affirmative defense, defendant asserts that plaintiff is barred from asserting the claims alleged to the extent plaintiff lacks standing.

### SEVENTEENTH AFFIRMATIVE DEFENSE

41.    As a seventeenth separate and affirmative defense, defendant asserts that any award of benefits to plaintiff should be offset by any other earnings, benefits and/or income received by plaintiff (including but not limited to state disability benefits, workers' compensation benefits and/or settlement monies, unemployment benefits, and/or benefits from the Social Security Administration or the State), and/or should be offset by any damages caused by plaintiff to defendant, including any unjust enrichment to plaintiff by virtue of fraud.

### EIGHTEENTH AFFIRMATIVE DEFENSE

42.    As an eighteenth separate and affirmative defense, defendant asserts that it is entitled to attorneys' fees pursuant to 29 U.S.C. §1132(g) and/or Rule 11(c)(2), Federal Rules of Civil Procedure.

8

ANSWER OF DEFENDANT AT&T UMBRELLA BENEFIT PLAN NO. 1 TO PLAINTIFF'S COMPLAINT (ERISA) Case No. C 08-00970 EMC

1

## NINETEENTH AFFIRMATIVE DEFENSE

2       43.     As a nineteenth separate and affirmative defense, defendant asserts that its actions

3   or statements were based on good, sufficient and legal cause, upon reasonable grounds for belief

4   in their truth or justification, and were taken or said in good faith and without malice.

5

## TWENTIETH AFFIRMATIVE DEFENSE

6       44.     As a twentieth separate and affirmative defense, defendant asserts that if and to the

7   extent defendant had obligations with respect to plaintiff's employment or the benefits related to

8   that employment, performance was prevented or excused due to the conduct, acts and refusals to

9   act on plaintiff's part.

10

## TWENTY-FIRST AFFIRMATIVE DEFENSE

11      45.     As a twenty-first separate and affirmative defense, defendant asserts that

12  defendant's duties, if any, to plaintiff have been discharged by plaintiff's breach of the terms of

13  her employment.

14

## TWENTY-SECOND AFFIRMATIVE DEFENSE

15      46.     As a twenty-second separate and affirmative defense, defendant asserts that

16  plaintiff has failed to state facts sufficient to form a basis for awarding attorneys' fees.

17

## TWENTY-THIRD AFFIRMATIVE DEFENSE

18      47.     As a twenty-third separate and affirmative defense, defendant asserts that it and its

19  agents at all relevant times acted and conducted themselves as would a prudent person familiar

20  with such matters.

21

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

22      48.     As a twenty-fourth separate and affirmative defense, defendant asserts that it and

23  its agents at all relevant times acted and conducted themselves in accordance with the documents

24  and instruments governing the CDBP, insofar as such documents and instruments were and are

25  consistent with the provisions of ERISA.

26

27

28

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
100 SPEAR STREET, SUITE 600
SAN FRANCISCO, CALIFORNIA 94105
(415) 357-4600
FAX (415) 357-4605

9

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

49.    As a twenty-fifth separate and affirmative defense, defendant asserts that it and its agents at all relevant times acted and conducted themselves solely in the interest of the participants and beneficiaries of the CDBP.

WHEREFORE, defendant prays for Judgment as follows:

1.    That plaintiff take nothing by her Complaint; and

2.    That judgment be entered in favor of defendant, and against plaintiff, on each claim contained in the Complaint; and

3.    That the Complaint be dismissed in its entirety, with prejudice; and

4.    That defendant be awarded its costs of suit incurred herein, and

5.    That defendant be awarded its reasonable attorneys' fees; and

6.    For such other and further relief as this Court may deem just and proper.

Dated: April 28, 2008                              LAFAYETTE & KUMAGAI LLP


                                                   /s/ Susan T. Kumagai
                                                   SUSAN T. KUMAGAI
                                                   Attorneys for Defendant
                                                   AT&T UMBRELLA BENEFIT PLAN NO. 1

### CERTIFICATE OF SERVICE

I certify that a copy of this document was served electronically on April 28, 2008 on counsel of record in compliance with Federal Rule 5, Local Rule 5.6 and General Order 45, by use of the Court's ECF system.

                                                   /s/ Susan T. Kumagai
                                                   SUSAN T. KUMAGAI

N:\Documents\ATT\Kerl\Pldgs\Answer.doc

ANSWER OF DEFENDANT AT&T UMBRELLA BENEFIT PLAN NO. 1 TO PLAINTIFF'S COMPLAINT (ERISA) Case No. C 08-00970 EMC

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
100 SPEAR STREET, SUITE 600
SAN FRANCISCO, CALIFORNIA 94105
(415) 357-4600
FAX (415) 357-4605