Cassie Springer-Sullivan - CA STATE BAR NO. 221506
Michelle L. Roberts - CA STATE BAR NO. 239092
SPRINGER-SULLIVAN & ROBERTS LLP
410 - 12th Street, Suite 325
Oakland, CA 94607
Telephone: (510) 992-6130
Facsimile: (510) 280-7564
E-mail: css@ssrlawgroup.com
        mlr@ssrlawgroup.com

Attorneys for Plaintiff
LAFAYETTE & KUMAGAI LLP
SUSAN T. KUMAGAI (State Bar No. 127667)
REBECCA K. KIMURA (State Bar No. 220420)
100 Spear Street, Suite 600
San Francisco, California 94105
Telephone: (415) 357-4600
Facsimile: (415) 357-4605
E-mail: skumagai@lkclaw.com

Attorneys for Defendant
AT&T UMBRELLA BENEFIT PLAN NO. 1

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| L. DORETTA KERL,<br><br>Plaintiff,<br><br>vs.<br><br>AT&T UMBRELLA BENEFIT PLAN NO. 1,<br><br>Defendants. | Case No. C08-00970 WHA<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Date:  May 22, 2008<br>Time:  3:00 p.m.<br>Place: Courtroom 9, 19th Floor<br><br>Complaint Filed: February 15, 2008 |

Pursuant to the "Standing Order for All Judges of the Northern District of California" issued on March 1, 2007, the parties to the above-entitled action jointly submit this case management statement, and request that the Court adopt it as its Case Management Order in this case.

**1.   Jurisdiction and Service:**

Ms. Kerl is seeking declaratory, injunctive, and monetary relief pursuant to section 502(a)(1)(B) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §

1132(a)(1)(B). There is no dispute that the Court has jurisdiction over this matter pursuant to ERISA Sections 502(e) and (f), 29 U.S.C. sections 1132(e) and (f), and 28 U.S.C. section 1331. Defendant has no counterclaims pending. All parties have been served and no dispute exists regarding venue.

**2.   Factual Issues In Dispute:**

    (a)   **Plaintiff's Statement**

        (1)   Brief Chronology of the Facts

Ms. Kerl was employed by Pacific Bell Telephone Company from January 14, 1982 until May 5, 2007. During this period, Ms. Kerl was a participant in the Pacific Telesis Group Comprehensive Disability Benefit Plan ("the CDBP"). The CDBP is a component of the larger defendant plan, "AT&T Umbrella Benefit Plan No. 1." While employed by Pacific Bell, Ms. Kerl worked full time as a Service Representative. In this position, she assisted customers with bills and placed customer orders.

Ms. Kerl alleges that in late 2005 she began medical treatment for osteoarthritis in her knees and hips, conditions that were causing her increasing levels of pain. Ms. Kerl alleges that her condition became worse over time. Ms. Kerl's physician, Dr. Gautami Agastya, advised that Ms. Kerl discontinue working, which she did on August 24, 2006. Dr. Agastya determined that following weight loss surgery, Ms. Kerl would receive a left hip replacement and a knee replacement.

After leaving work, Ms. Kerl applied for short-term disability benefits under the Plan, which was acknowledged by the Plan by letter dated September 1, 2006. By letter dated October 2, 2006, the Plan denied Ms. Kerl's request for benefits. Ms. Kerl submitted an administrative appeal of the decision to deny her benefits, which the Plan acknowledged by letter dated November 17, 2006. By letter dated December 29, 2006, Defendant upheld the previous decision to deny Ms. Kerl's benefits. On January 17, 2007, Ms. Kerl returned to work at Pacific Bell for just over three months until retiring on May 4, 2007.

///

///

1           (2)    Principle Factual Issues in Dispute

Whether Ms. Kerl had a medical condition which rendered her disabled and entitled to benefits under the Plan from September 1, 2006 to January 16, 2007.

    **(b)    Defendant's Statement**

The Employees' Benefit Claim Review Committee ("CRC"), a body vested with authority to uphold or reverse decisions regarding claims for STD benefits, upheld the denial of plaintiff's claim for STD benefits. Members of the CRC are employees of an independent third-party claims administrator.

There are no material facts in dispute.

**3.    Legal Issues:**

    **(a)    Plaintiff's Statement**

I.    Under an abuse of discretion review, what level of deference applies under *Abatie v. Alta Health & Life Ins. Co.*, 458 F.3d 955 (9th Cir. 2006) (en banc).

II.    Whether the denial of benefits was an abuse of discretion.

    **(b)    Defendant's Statement**

Whether the denial of benefits was an abuse of discretion, with all deference given to the independent third-party claims administrator's decision.

**4.    Motions:**

There are no pending motions. The parties anticipate filing cross-motions for summary judgment.

**5.    Amendment of Pleadings:**

No amendments are expected.

**6.    Evidence Preservation:**

    **(a)    Plaintiff's Statement**

The parties will preserve all documents and electronically-stored information that may be relevant to the standard of review or to the merits.

    **(b)    Defendant's Statement**

The Administrative Record is preserved.

7. **Disclosures:**

The parties intend to exchange initial disclosures pursuant to Fed. R. Civ. P. 26 by May 14, 2008.

8. **Discovery:**

(a) **Plaintiff's Statement**

Ms. Kerl plans to conduct discovery on the standard of review, as permitted by *Welch v. Metropolitan Life Ins. Co.* and *Abatie v. Alta Health & Life Ins. Co.*, going to whether the Plan committed procedural irregularities or administered Ms. Kerl's claim under a conflict of interest. *Abatie*, 458 F.3d at 969 n.7; *see also Welch v. Metropolitan Life Ins. Co.*, 480 F.3d 942, 949 50 (9th Cir. 2007).

(b) **Defendant's Statement**

The Court's review is limited to the record before the administrator at the time of the denial of benefits. Defendant will produce the Administrative Record to plaintiff.

Plaintiff is not entitled to broader discovery. There is no inherent conflict of interest between the self-funded plan herein and the independent third party administrator; therefore, discovery is not warranted.

9. **Class Actions:**

N/A

10. **Related Cases:**

None.

11. **Relief:**

Plaintiff is seeking to recover the following relief:

a. Past due short-term disability benefits of $21,060, plus pre-judgment interest. Ms. Kerl was entitled to disability pay for 39 weeks at full pay. She was out of work due to disability for approximately 19.5 weeks and earned $27 per hour at 40 hours per week.

b. Attorneys' fees and costs of suit.

Defendant denies plaintiff is entitled to the relief she is requesting against defendant.

///

**12. Settlement and ADR:**

The parties have not agreed to any form of ADR. On May 2, 2008, the parties filed a Notice of Need for ADR Phone Conference pursuant to ADR L.R. 3-5 d.

**13. Consent to Magistrate Judge for All Purposes:**

The parties do not consent to a magistrate judge.

**14. Other References:**

This case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**15. Narrowing of Issues:**

The parties reserve decision on whether the narrowing of issues can be achieved.

**16. Expedited Schedule:**

The parties have not agreed to an expedited schedule.

**17. Scheduling:**

Plaintiff proposes the following schedule:

a. Fact discovery to be completed by September 15, 2008;

b. Dispositive motions to be filed so as to be heard no later than November 20, 2008;

c. Pre-trial conference on January 12, 2008;

d. 2-day bench trial starting January 26, 2008.

Defendant proposes the following:

a. Last day to have dispositive motions heard – December 12, 2008;

b. Bench trial – April 6, 2009

**18. Trial:**

The parties believe the matter will require a 1 to 2 day bench trial.

**19. Disclosure of Non-party Interested Entities or Persons:**

The parties have filed the "Certification of Interested Entities or Persons."

///
///
///

5

JOINT CASE MANAGEMENT STATEMENT (Case No. C 08-00970 WHA)

20. **Such other matters as may facilitate the just, speedy, and inexpensive disposition of this matter:**

None.

Respectfully submitted,

Dated: May 15, 2008                    SPRINGER-SULLIVAN & ROBERTS LLP


                                       /s/ Michelle L. Roberts
                                       MICHELLE L. ROBERTS
                                       Attorneys for Plaintiff
                                       L. DORETTE KERL


Dated: May 15, 2008                    LAFAYETTE & KUMAGAI LLP


                                       /s/ Susan T. Kumagai
                                       SUSAN T. KUMAGAI
                                       Attorneys for Defendant
                                       AT&T UMBRELLA BENEFIT PLAN NO. 1


## CERTIFICATE OF SERVICE

I certify that a copy of this document was served electronically on May 15, 2008 on counsel of record in compliance with Federal Rule 5, Local Rule 5.6 and General Order 45, by use of the Court's ECF system.

                                       /s/ Susan T. Kumagai
                                       SUSAN T. KUMAGAI

6

JOINT CASE MANAGEMENT STATEMENT (Case No. C 08-00970 WHA)